1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

AHMAN DOLPHIN,                        )    NO. CV 07-645-PA (JTL)
                                      )
                Plaintiff,            )    ORDER TO SHOW CAUSE RE
                                      )    DISMISSAL OF COMPLAINT
        v.                            )
                                      )
TRAVIS RUIZ, et al.,                  )
                                      )
                Defendants.           )
_____       )

On January 26, 2007, plaintiff Ahman Dolphin filed a Complaint against defendants Travis Ruiz and Redwood Towing Service.  On April 25, 2007, plaintiff filed Proofs of Service stating that the Complaint had been served on both defendants.  On May 1, 2007, defendant Redwood Towing Service filed a Motion to Strike Punitive Damage Allegation, which the Court denied on July 9, 2007.  Defendant Redwood Towing Service answered the Complaint on July 19, 2007.

On June 8, 2007, plaintiff filed a Motion for Default Filed Against Travis Ruiz ("Motion for Default").  Pursuant to plaintiff's Motion for Default, the clerk entered default against defendant Ruiz on August 10, 2007.

The Minute Order directing that default be entered advised plaintiff that obtaining a default judgment in federal court is a two-step process.  Plaintiff must first seek entry of default by the clerk.  See Fed. R. Civ. P. 55(a).  Once default is entered, plaintiff may seek

entry of a default judgment.  See Fed. R. Civ. P. 55(b); L.R. 55-1; L.R. 55-2.

Since that time, plaintiff has settled this matter with defendant Redwood Towing Service.  With respect to defendant Ruiz, the Court has previously informed plaintiff that he must file an application for default judgment against defendant Ruiz pursuant to Local Rule 55-2 and Federal Rules of Civil Procedure 55(b).  (See Minute Order dated February 12, 2008).  To date, plaintiff has not filed a renewed application for default judgment against defendant Ruiz in compliance with the Federal Rules of Civil Procedure and the Local Rules. Plaintiff's failure to file the application for default or other response to the Court's orders evidences a lack of prosecution on the part of plaintiff.  The Court has inherent power to achieve the orderly and expeditious disposition of cases dismissing actions for failure to prosecute.  See Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962); Fed. R. Civ. P. 41(b).

Accordingly, plaintiff is ORDERED to show cause why this matter should not be dismissed for failure to prosecute based upon plaintiff's failure to file an application for default judgment  as set forth above.  Plaintiff is ORDERED to file a written response to the Order to Show Cause within twenty-one (21) days of the date of this Order.  In the event plaintiff fails to respond to this Order to Show Cause, the Court will recommend that the matter be dismissed for failure to prosecute.

DATED: May 6, 2008

_____
/s/
JENNIIFER T. LUM
UNITED STATES MAGISTRATE JUDGE